**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nationstar Mortgage, LLC, | 2:16-cv-01218-JAD-GWF |
| Plaintiff | |
| v. | **Order Denying Motion for<br>Leave to File Excess Pages** |
| Copper Sands Homeowners Association, et al., | **[ECF Nos. 10, 12]** |
| Defendants | |

Defendant Alessi & Koenig, LLC, has made a series of filings in this case with the goal of obtaining an order "grant[ing] Alessi & Koenig non-monetary status in this case" and excusing this defendant "from any further active participation in this case."[1]  Alessi's reasons for this relief are contained in a two-page motion,[2] a 10-page declaration,[3] and a 48-page memorandum of points and authorities,[4] and Alessi has filed a motion asking for leave to exceed the court's 24-page limit for motions, accompanied by another declaration.[5]

Having reviewed Alessi's filings, I do not find good cause to allow this oversized motion.  Alessi has not shown that it requires twice the real estate allotted by the local rule to efficiently and thoroughly present its request.  For example, Alessi does not get to the heart of its argument until page 12 of its memorandum of points and authorities.  The motion is filled with unnecessary hyperbole, 10-point-font footnoted asides with no relevance to NRS 107.029 and its application to this case,[6] and an encyclopedic history of Las Vegas's real estate crash in 2008.  And although the title of the motion suggests that Alessi is only attempting to invoke litigation

---

[1] ECF No. 13 at 54.

[2] ECF No. 12 at 1.

[3] ECF No. 12 at 4.

[4] ECF No. 13.

[5] ECF Nos. 10, 11.

[6] *See, e.g.,* ECF No. 12 at 75–76, n. 4–6; and at 96, n. 15.  Footnote 10 just says, bizarrely, "Intentionally left blank."

protections of NRS 107.029, it spends dozens of pages arguing its merits defenses—that it complied with NRS Chapters 107 and 116 in the subject foreclosure process and otherwise bears no liability in this case; that the sales price was commercially reasonable and, regardless, it had no control over that price; and that all of the plaintiff's other theories fail.[7]  Yet Alessi never asks to dismiss any claim against it or grant judgment on the pleadings, though its arguments suggest that it seeks that relief, too.  Regardless, I find no reason that Alessi cannot put forward a concise, fully developed argument for the protection that it purports to seek under NRS 107.029 in well under the 24 pages that this court's rules permit.  Accordingly, I deny Alessi's motion to exceed the page limitations afforded by L.R. 7-3(b).

When Alessi first sought relief without filing a motion, I advised this litigant that the rules of this court make it clear that requests for relief must be made by a motion that complies with the local rules.[8]  I reiterate that reminder now.  If Alessi wishes to seek relief under NRS 107.029, it should file a single motion document that seamlessly incorporates the request for relief with the facts, points, and authorities that support it.  *See* LR 7-2(a) ("The motion and supporting memorandum of points and authorities must be combined into a single document that complies with the page limits in LR 7-3.").  Filing a motion separately from the memorandum of points and authorities violates this rule.  A declaration and any other exhibits in support of a motion should be attached as exhibits and appropriately indexed and labeled as new LR IA 10-3 requires.

## Conclusion

Accordingly, IT IS THEREFORE ORDERED that Alessi and Koenig's Motion for Leave to Exceed Page Limitations Pursuant to Local Rule 7-3(b) **[ECF No. 10] is DENIED.**  The Motion for Order Granting Non-monetary Status Pursuant to NRS 107/SB 239 **[ECF No. 12] is** . . .

---

[7] *See* ECF No. 13 at 23–54.

[8] ECF No. 9 (minutes).

**DENIED without prejudice to its refiling in a format that complies with the local rules of this court.**

Dated this 8th day of August, 2016.

Jennifer A. Dorsey
United States District Judge